IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane

Criminal Case No. 99-cr-000439-JLK-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  YOLANDA LOUISE JEFFERSON,

    Defendant.

## ORDER

Kane, J.

This matter is before me on Defendant Yolanda Jefferson's Motion for Modification or Reduction of Sentence (Doc. #375) and her subsequent supplement to this Motion (Doc. #400). In these filings, Ms. Jefferson seeks a reduction of sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base ("crack") offenses. Having carefully considered Defendant's *pro se* Motion, her counsel's Supplement to her request, the government's response and the Presentence Investigation Report and Addendum on Motion to Reduce Sentence prepared by the United States Probation Department, I have determined that Ms. Jefferson is eligible for a reduction in sentence because the guideline range under which she was sentenced on two crack offenses has been reduced by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States v. Moore*, 541 F.3d 1323, 1327

(11th Cir. 2008) (sentencing range under which defendant was sentenced must have been lowered for defendant to be eligible for reduction of sentence under § 3582(c)).

Pursuant to 18 U.S.C. § 3582(c)(2), whether I grant Ms. Jefferson's request for a reduced sentence and the amount of any reduction is a matter for my discretion to be determined based on consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, provided such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In commentary on the applicable policy statement, the Sentencing Commission also sets out two additional factors for consideration: "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and the defendant's conduct since imposition of the original term of imprisonment. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1.(B)(ii), (iii).[1]

Ms. Jefferson has requested a hearing to consider whether a reduction in her term of imprisonment is warranted and the extent of any such reduction. This request is GRANTED. A hearing to consider these matters is hereby set for **Friday, January 9, 2009, at 3:00 PM** in Courtroom A802, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver.

---

[1] The commentary states the court "shall" consider the danger factor and "may" consider post-sentencing conduct factor. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1.(B)(ii), (iii).

In preparing for this hearing, the parties should be aware that I will apply the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in determining any sentence reduction to be granted in this section 3582(c) proceeding. As a result, I will treat the applicable sentencing guidelines as advisory only. *See United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008).

In so holding, I recognize that the Sentencing Commission has attempted to limit the amount of any sentence reduction to the minimum permitted under the amended guideline range. *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A); *see also id.* § 1B1.10(a)(3)(§ 3582(c)(2) proceedings do not constitute a "full resentencing"). For the reasons stated in *Ragland*, however, I find the Sentencing Commission cannot abrogate the Supreme Court's constitutional decisions holding the sentencing guidelines to be advisory. *See Ragland*, 568 F. Supp. 2d at 23-27. "To treat the new amended Guidelines range as mandatory - just because the Commission issued a policy statement explicitly attempting to make it mandatory - would be to repeat the constitutional error of the pre-*Booker* system of mandatory Guidelines under which this defendant originally was sentenced." *Id.* at 27. As a result, if I decide that a reduction in sentence is warranted for Ms. Jefferson's crack offenses, I will determine the amount of the reduced sentence in accordance with *Booker* and its progeny by calculating the amended guideline range and then considering this advisory sentencing range and the factors set forth in section 3553(a). As directed by 18 U.S.C. § 3582(c), I will also determine any reduction consistent with the applicable Commission policy statement, Sentencing Guideline

3

Manual § 1B1.10, to the extent this policy statement does not conflict with the constitutional mandate of *Booker* and its progeny.

The parties shall be prepared to proceed consistent with this order at the January 9 hearing. If either party wishes to submit a supplemental brief addressing the amount of any sentence reduction based on the cited factors, they shall do so no later than December 30, 2008.

IT IS SO ORDERED.

Dated this 25th day of November, 2008.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court