UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Senior Judge John L. Kane

Case No. 99-cr-000439-JLK-2

UNITED STATES OF AMERICA,

       Plaintiff,

v.

2.       YOLANDA LOUISE JEFFERSON,

       Defendant.

---

ORDER

---

THIS MATTER comes before the Court on the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Dockets # 375 and #400).

Upon receipt of this motion, I appointed Darren Cantor as CJA counsel to represent the Defendant in this matter. Additionally, I ordered counsel for both the Defendant and the Government to file a response with the Court indicating whether the Defendant is eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Both defense counsel and the Government filed responses with the Court indicating that the Defendant is eligible for a sentence reduction and one should be granted. I also ordered the United States Probation Department to prepare an amendment to the pre-sentence investigation report ("PSIR"). The Probation Department also stated that the Defendant is eligible for a sentence reduction. After carefully reviewing the above-captioned case and the pleadings submitted by the Defendant, defense counsel, the Government, and the Probation Department, I find that the Defendant's motion for a sentence

reduction should be granted.

By way of background, the Defendant was convicted at trial of Counts One, Two, and Four as alleged in the First Superseding Indictment. Count One of the Superseding Indictment charged the defendant with Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine Base ("crack" cocaine) in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii) and 846. Count Two charged the defendant with Possession with Intent to Distribute 50 Grams of Cocaine Base, Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. §2. Count Four charged the defendant with Possession of Firearms During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. §924(c)(1).

On August 8, 2001, the Court found that the Defendant's relevant offense conduct involved more than 1.5 kilograms of cocaine base, thus establishing a base offense level of 38 pursuant to §2D1.1(c)(1). The Defendant received no adjustment for acceptance of responsibility having put the Government to its proof by taking the case to trial. The resulting Total Offense Level was 38. With a criminal history category of III, the guideline range was 292 to 365 months. The Defendant was sentenced to 300 months custody of the Bureau of Prisons as to Counts One and Two and 60 months as to Count Four (a violation of 18 U.S.C. §924©) to be served consecutively for a total sentence of **360 months**.

On February 10, 2004, the Court granted the Government's Rule 35(b) Motion and the sentence was reduced to 120 months as to Counts One and Two. The Court reimposed the 60 months sentence as to Count Four to run consecutively to Counts One and two for a total sentence of **180 months.**

In the instant case, the amendment lowered the offense level by two levels. The

Sentencing Commission further recommended that the amendment be retroactive as of March 1, 2008. Under the amended guideline, the Defendant's total offense level becomes 36. Thus, the Defendant's new guideline calculation becomes 235 months to 293 months. The retroactive crack guideline has no impact as to Count Four.

After reviewing the applicable law and the PSIR prepared by the Probation Department, I find that a reduction of 30 months in the Defendant's term of imprisonment is warranted. I find that my discretion in this matter is limited by Tenth Circuit precedent in *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008) and its progeny. Based on my consideration of the relevant factors, I find that what is left of my discretion after *Rhodes*, permits the Defendant's sentence to be reduced as to Count One and Two to 90 months. The 60 months sentence as to Count Four will necessarily run consecutive to that sentence for a **total sentence of 150 months**. Therefore, the Defendant's motion for a sentence reduction is granted. Accordingly, it is

ORDERED that the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Dockets #375 and #400) is **GRANTED** for the reasons stated in this Order. It is

FURTHER ORDERED that the Defendant's sentence as to Counts One and Two is reduced from 120 months to 90 months pursuant to 18 U.S.C. §3582(c)(2). The sentence as to Count Four shall remain 60 months to run consecutive to Counts One and Two. **The total sentence is therefore 150 months**. The Probation Department shall prepare an Amended Judgment to reflect this reduction.

Dated: March 3, 2009

                                            BY THE COURT:

                                            ***S/John L. Kane***
                                            John L. Kane, Senior Judge
                                            United States District Court
                                            District of Colorado